## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 1:21-cv-00264 (WAL/EAH) |
| | ) |
| LIMETREE BAY TERMINALS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## UNITED STATES' OPPOSITION TO MOTION
## FOR RECONSIDERATION OF ORDER GRANTING THE UNITED STATES'
## MOTION FOR SUBSTITUTION

West Indies Petroleum Limited (WIPL) and Port Hamilton Refinery and Transportation,

LLLP (PHRT) have filed a *Motion For Reconsideration Of Order Granting The United States'*

*Motion For Substitution* (Motion for Reconsideration) (ECF Doc. 26) seeking reconsideration of

this Court's Order (Order of Substitution) (ECF Doc. 25) granting the *United States' Motion,*

*Pursuant to Fed. R. Civ. P. 25(c), For An Order Substituting West Indies Petroleum Limited,*

*Port Hamilton Refining and Transportation, LLLP, and the Transition Refiner Entity, LLC for*

*Defendant Limetree Bay Refining, LLC* (Motion for Substitution). (ECF Doc. 23). The Motion

for Reconsideration should be denied because it concedes the relief sought by the United States'

Motion for Substitution and granted by this Court's Order for Substitution, namely that WIPL

and PHRT must be parties to this case in order to be bound by the Joint Stipulation.

WIPL's and PHRT's Motion for Reconsideration raises extraneous issues as to the scope

of their successor liability under the bankruptcy court's Sale Order. However, none of these

successor liability issues were determined by the Court's Order of Substitution, which merely

1

substitutes WIPL and PHRT as parties so that they would be bound by the Joint Stipulation. Issues relating to the scope of WIPL's and PHRT's successor liability are issues for another day. Substituting WIPL and PHRT as parties will facilitate their becoming bound by the Joint Stipulation as they have agreed. Making someone a party to a case is not a finding that they are automatically liable for all the relief sought in the complaint. As this Court noted in the Order of Substitution, substitution does not ordinarily affect the parties' substantive rights and is merely a procedural device. While not relevant to the Motion for Reconsideration, the United States corrects WIPL's and PHRT's seriously incomplete description of the bankruptcy court's Sale Order. Finally, WIPL and PHRT were properly served.

## I.   Legal Standard

A motion for reconsideration is an " 'extraordinary' remedy." *Green v. Virgin islands Water & Power Auth.*, No. 1:06-cv-11, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012). Local Rules of Civil Procedure 7.3(a)(3), the basis for WIPL's and PHRT's Motion for Reconsideration, provides:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed in accordance with LRCi 6.1(B)(3). A motion to reconsider shall be based on: . . . (3) the need to correct clear error or prevent manifest injustice.

In *Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 WL 4005585, at *3, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021), this Court noted that the grounds for reconsideration in Local Rule of Civil Procedure 7.3 are the same as under Fed. R. Civ. P. 59(e). The Court then explained:

> Under the established law, clear error exists if, " 'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.' " *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n. 8 (3d Cir. 2016) (quoting *Oberti v. Bd. Of Educ.*, 995 F. 2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ]

means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3, 2007 WL 2533894 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.' " *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

*Simon* at *3.

## II. Argument

### 1. There Was No Clear Error or Manifest Injustice

WIPL's and PHRT's Motion for Reconsideration is premised on the need to correct a clear error or manifest injustice. However, there cannot be a clear error or manifest injustice when the movants concede the relief sought and granted by this Court, namely that WIPL and PHRT must be parties to this case in order to be bound by the Joint Stipulation. WIPL and PHRT plainly do not challenge the substitution of the Transition Refinery Entity (TRE) for Limetree Bay Refining, LLC (LBR) (ECF Doc. 27 at p. 13) and concede the Sale Order requires "that WIPL and PHRT must become a party to the Joint Stipulation" (ECF Doc. 27, p. 3). Nor have WIPL and PHRT demonstrated any reason that it matters whether the Court's Order for Substitution should be considered substitution or joinder, let alone that it constitutes clear error or manifest injustice.

WIPL and PHRT raise an extraneous red herring argument and allege "that WIPL and PHRT purchased the assets free and clear of any 'putative successor or transferee liability' of Defendant LBR." (ECF Doc. 27, p. 3). The scope of successor liability under the bankruptcy court's Sale Order does not raise any issue of clear error or manifest injustice. This Court's Order of Substitution does not address the scope of successor liability, and making someone a party to a case is not a finding that they are automatically liable for all relief sought in the complaint. As this Court noted in the Order of Substitution, substitution does not ordinarily

affect the parties' substantive rights and is merely a procedural device. Rather, substituting WIPL and PHRT as parties will facilitate their becoming bound by the Joint Stipulation as they have agreed and was not clear error nor did it result in any injustice.

While not pertinent to the Motion for Reconsideration, the United States does wish to correct the record as to WIPL's and PHRT's discussion of the bankruptcy court's Sale Order. The Sale Order does have language placing limits on successor liability, but WIPL and PHRT omit any mention of an important exception to the Sale Order language on which they rely. Paragraphs 10 and 11 of the Sale Order (Flint Dec. Exhibit 6, ECF Doc. 23-5, pp. 37-38)[1] resolved the United States' Limited Sale Objection, as discussed on pages 5 and 6 of the Motion for Substitution. (ECF Doc. 23-1, pp 5 and 6). Paragraph 10 of the Sale Order states as follows:

> 10.    Nothing in this Order of the APA releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order. Nothing in this Order or the APA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

(Flint Dec. Exhibit 6, ECF Doc. 23-5, pdf p. 37).[2]

Paragraph 10 furthers the well-established rule that anyone who owns or operates property acquired from a debtor must comply with environmental law. No one is entitled to

---

[1] In responding to the Motion for Reconsideration, the United States relies on the *Declaration of Myles E. Flint, II, In Support of United States' Motion, Pursuant to Fed. R. Civ. P. 25(c), for an Order Substituting West Indies Petroleum Limited, Port Hamilton Refining and Transportation, LLLP, and the Transition Refinery Entity for Defendant Limetree Bay Refining, LLC* (hereinafter, "Flint Dec.") filed in support of the Motion for Substitution (ECF Docs. 23-2 through 23-5).

[2] Paragraph 11 of the Sale Order further provides that Purchaser must become a party to the Joint Stipulation provided that Purchaser "shall not become liable for any obligations, other than air

ignore hazards or disregard laws that protect the public and the environment. See, e.g., *Ohio v. Kovacs*, 469 U.S. 274, 285 (1985) ("[A]nyone in possession of [a] site . . . must comply with . . . environmental laws . . . Plainly that person . . . may not maintain a nuisance, pollute the waters . . . [,] or refuse to remove the source of such conditions."); *In re General Motors Corp.*, 407 B.R. 463, 508 (S.D.N.Y. 2009) (a free and clear purchaser "would have to comply with its environmental responsibilities starting with the day it got the property, and if the property required remediation as of that time, any such remediation would be the buyer's responsibility") (Gerber, J.); cf. *In re CMC Heartland Partners*, 966 F.2d 1143 (7th Cir. 1992) (a reorganized debtor that owns property that was contaminated prior to confirmation is liable to EPA as the present owner of the property).

Paragraph 10 affirms that the Purchaser (WIPL and PHRT) is subject to the same compliance obligations as all other owners of property. The law does not put WIPL and PHRT in a privileged position, by freeing them from obligations with which all other owners must comply. Generally speaking, if a purchaser could contend that it is somehow exempt from obligations that apply to all other owners, the public would be placed at risk. The purchaser cannot evade its environmental obligations, including with respect to hazards that exist even at the outset of its ownership. See *General Motors*, 407 B.R. at 508. For example, if a purchaser owns or operates equipment or a facility that has a defective condition, it is responsible to prevent and may have liability for the consequences of, for example, an explosion or release, notwithstanding that the explosion or release may have derived in whole or part from a defective

---

monitoring obligations, under such . . . Joint Stipulation that do not relate to property or units purchased or to be operated by Purchaser." The United States notes for purposes of clarity that, other than the air monitoring requirements in the Joint Stipulation (ECF Doc. 2, paragraphs 7 and 8), it has not sought any relief relating to property not purchased or operated by the Purchaser.

condition caused prior to purchase.

In any event, the scope of the Purchaser's environmental liability beyond the Joint Stipulation is not addressed or decided by this Court's Order for Substitution and therefore cannot be the basis for correction of any error or injustice.[3]

2.    WIPL and PHRT Were Properly Served

WIPL and PHRT were properly served as non-parties under Fed. R. Civ. P. 4. The case that WIPL and PHRT rely on for the contention that they were not properly served did not involve a question of service of a motion to substitute under Fed. R. Civ. P. 25. Instead, *Omni Cap. Int'l Ltd. V. Rudolf Wolff & Co.*, 484 U.S. 97 (1987), involved the question of whether the District Court had personal jurisdiction over respondents in federal-question litigation under the Commodities Exchange Act.

In contrast, the Eighth Circuit opinion in *Benacquisto v. Am Express Financial Corp.*, 44 F.4th 741 (8th Cir. 2022), noted in footnote 5 of WIPL's and PHRT's memorandum (ECF Doc. 27), did directly address the issue of whether a motion to substitute under Fed. R. Civ. P. 25 was properly served under Fed. R. Civ. P. 4. One of the issues before the Court in *Benacquisto*, involving substitution after the death of a party under Fed. R. Civ. P. 25(a), was whether the personal representative was properly served under Fed. R. Civ. P. 4. In issuing its opinion, the Eighth Circuit found that "Rule 25(a)(3)'s non-party service requirement serves two important purposes." *Benacquisto* at

---

[3] WIPL and PHRT also argue that the TRE is the successor to LBR. This argument is also not pertinent to the Motion for Reconsideration because WIPL and PHRT concede that they have agreed to be bound by the Joint Stipulation and thus need to be parties to this case.  For the record, the United States notes that WIPL's and PHRT's argument is an oversimplification of the language in the Confirmation Order. As noted in the Motion for Substitution (ECF Doc. 23-1, p. 2), the sole stated purpose of the TRE is "the ownership of the permits necessary for the operation of the Refinery previously owned by the Debtors and sold to the Purchaser."

744. First, "it assures actual notice is provided to the proper non-party." Id. Second, "it brings the non-party within the court's jurisdiction." Id. After finding that the non-party in *Benacquisto* was served with the motion to substitute in a manner provided by Fed. R. Civ. P. 4, received notice in compliance with Fed. R. Civ. P. 4 Rule 25(a), and was properly brought within the jurisdiction of the court, the Court found that "service of a summons and complaint contemporaneously with service of the motion to substitute party was neither required by Rule 25(a) nor caused service to be deficient for purposes of substitution . . . .". Id. at 745.

## III.   CONCLUSION

WIPL and PHRT concede in the memorandum in support of their Motion for Reconsideration that they have agreed to be parties to the Joint Stipulation. (ECF Doc. 27, p. 3). In order to be a party to the Joint Stipulation, the Purchaser must be a party to this case. Therefore, in Ruling on the Motion for Substitution, the Court did not: 1) commit a mistake, 2) overlook any dispositive factual or legal matter, or 3) commit a direct, obvious, and observable error. Finally, this Court's Order of Substitution does not deprive WIPL or PHRT of their substantive rights. For these reasons, there was no clear error committed or manifest injustice created in granting the Motion for Substitution. WIPL's and PHRT's Motion for Reconsideration should be denied.

Respectfully submitted

FOR THE UNITED STATES OF AMERICA
TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

7

*s/ Myles E. Flint, II*
Myles E. Flint, II
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice - P.O. Box 7611
Washington, DC  20044-7611
Tel: 202-307-1859
myles.flint@usdoj.gov


OF COUNSEL:
Teresa Dykes
Senior Attorney
U.S. Environmental Protection
Office of Enforcement and Compliance Assurance
1200 Pennsylvania Ave. NW (2242A)
Washington, DC 20460

Sara Froikin
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway, 16th Floor
New York, NY 10007

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 15, 2022, he filed the *UNITED STATES' OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER GRANTING THE UNITED STATES' MOTION FOR SUBSTITUTION* electronically with the Clerk of Court using the CM/ECF system, which will send notifications of this filing to all who have made appearances.

The undersigned further certifies that the foregoing *UNITED STATES' OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER GRANTING THE UNITED STATES' MOTION FOR SUBSTITUTION* will be served on counsel for the Limetree Bay Refining, LLC by electronic mail:

**For Limetree Bay Refining, LLC**
Mark DeLaquil
Matthew Thurlow
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue NW
Washington, D.C. 20036

*s/ Myles E. Flint, II*
Myles E. Flint, II