IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civ. A. No. 1:21-cv-00264(WAL/EAH) |
| LIMETREE BAY TERMINALS, LLC, WEST INDIES PETROLEUM LIMITED, PORT HAMILTON REFINING AND TRANSPORTATION, LLLP, and the TRANSITION REFINERY ENTITY | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## UNITED STATES' RESPONSE TO COURT'S SHOW CAUSE ORDER

On March 22, 2023, the Court issued an Order requiring the United States to show cause "why this matter should not be dismissed for failure to prosecute." Dkt. No. 40. Now that West Indies Petroleum Limited (WIPL), Port Hamilton Refining and Transportation, LLLP (PHRT), and the Transition Refinery Entity (jointly referred to herein as "New Defendants") have been substituted for Defendant Limetree Bay Refining, LLC (Dkt. No. 25), and the Court denied the *Motion for Reconsideration of Order Granting the United States' Motion for Substitution* (Motion for Reconsideration) filed by WIPL and PHRT (Dkt. No. 39), the United States' short-term goal in this case is to have the New Defendants become parties to the Joint Stipulation (Dkt. No. 2).

The United States explains below the importance of this case, and the steps taken to have the New Defendants become parties to the Joint Stipulation as required by orders issued by the

1

United States Bankruptcy Court for the Southern District of Texas in the *In re: Limetree Bay Refining, LLC* bankruptcy. Case No. 21-32354, jointly administered with the lead case, *In re: Limetree Bay Services, LLC et al.*, Case No. 21-32351.

## Introduction and Background

On May 14, 2021, the United States Environmental Protection Agency (EPA) issued a Clean Air Act Emergency Order (Emergency Order) to Limetree Bay Refining, LLC (LBR) and Limetree Bay Terminals, LLC (LBT) under Section 303 of the Clean Air Act (CAA), 42 U.S.C. § 7603. Dkt. No. 2-1. EPA issued the Emergency Order after determining that the Refinery presented an imminent and substantial endangerment to the public health or welfare or the environment. Dkt. No. 2-1, paragraph 111. The Emergency Order prohibited LBR and LBT from operating the Refinery during the term of the Emergency Order, unless EPA determined that operations could resume before expiration of the Emergency Order. Dkt. No. 2-1, paragraph 115. Additionally, the Emergency Order required, *inter alia*, the defendants to hire third party auditors to conduct an environmental compliance audit, and process audits of the Refinery's Flare system, Coker system, and Amine/Sulfur Recovery Unit. Dkt. No. 2-1, paragraph 115.

On June 16, 2021, EPA issued an information request (Information Request) to LBR and LBT under Section 114(a) of the CAA, 42 U.S.C. § 7414(a). Dkt. No. 2-2. The Information Request required, *inter alia*, LBR and LBT to install and operate ambient air monitoring equipment for hydrogen sulfide and sulfur dioxide at nine specified locations, and install and operate a meteorological tower. Dkt. No, 2-2, paragraphs 1 through 6, and 8 through 9.

On July 12, 2021, the United States filed the Complaint initiating this case against defendants LBR and LBT under Section 303 of the Clean Air Act, 42 U.S.C. § 7603. Dkt. No. 1. Simultaneously with the filing of the Complaint, the United States filed a Joint Stipulation and an

Unopposed Motion to Stay All Deadlines (Motion to Stay). Dkt Nos. 2 and 3.

As was noted in the Motion to Stay, the Joint Stipulation does not resolve the United States' claims. Dkt. No. 3, page 2. Instead, the Joint Stipulation addresses changed circumstances, including the fact that the Refinery is not operating, and sets mandatory obligations to ensure compliance with the Emergency Order and the Information Request prior to any restart of the Refinery or any Refinery process unit. Dkt. No. 2, paragraphs 1 and 4 through 8. The restart requirements include, *inter alia*, completing "all measures necessary to eliminate any imminent and substantial endangerment to public health or welfare or the environment." Dkt. No. 2, paragraph 6. The Joint Stipulation also requires notification to the United States and the Court "not less than ninety (90) days before restarting the Refinery, or any Refinery Process Unit for any purpose." Dkt. No. 2, paragraph 2.

## Limetree Bay Refining, LLC Bankruptcy

On July 12, 2021, after the United States filed the Complaint, LBR and certain related entities (but not LBT) filed for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. (Case No. 21-32354, jointly administered with lead case 21-32351). As part of the bankruptcy action, an auction was conducted in November and December, 2021 to sell the Debtors' assets. Pursuant to the Bankruptcy Court's December 21, 2021 *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Under the Asset Purchase Agreement, (III) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (Case No. 21-32351, ECF Doc. 977) (Sale Order), WIPL and PHRT purchased substantially all of LBR's assets. As explained in more detail in the

*Memorandum In Support Of United States' Motion, Pursuant to Fed. R. Civ. P. 25(c), For An Order Substituting West Indies Petroleum Limited, Port Hamilton Refining And Transportation, LLLP, And The Transition Refinery Entity, LLC For Defendant Limetree Bay Refining, LLC* (Substitution Memorandum), the Sale Order requires WIPL and PHRT to "become a party to . . . the Joint Stipulation." Dkt. No. 23-1, pp. 3 – 6. The sale of all or substantially all of LBR's assets closed on January 21, 2022. (Case No. 21-32351, ECF Doc. 1112).

On March 18, 2022, the Debtors filed a *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors* (Combined Disclosure and Plan of Liquidation). (Case No. 21032351, ECF Doc. 1204[1]). The Combined Disclosure and Plan of Liquidation gave WIPL and PHRT the option to reorganize LBR as the Transition Refinery Entity (TRE) with WIPL and PHRT owning 100% of the TRE. (Case No. 21-32351, ECF Doc. 1204, ECF page 53 of 87). As is explained in more detail in the Substitution Memorandum, the option was exercised and LBR was reorganized as the TRE. (Dkt. No. 23-1, pages 6 through 9). The Substitution Memorandum also explains the requirement contained in the Bankruptcy Court's May 20, 2022 *Order Approving Disclosure Statements on a Final Basis and Confirming Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors* (Case No. 21-32351, ECF Doc. 1454) (Plan Order), that the TRE "shall be fully bound by all provisions of . . . the Joint Stipulation and shall cooperate in the substitution of the Transition Refinery Entity as a named defendant." Dkt. No. 23-1, pages 6 through 9. The primary stated purpose of the TRE is the ownership of permits necessary for the operation of the refinery. (Case No. 21-32351, ECF Doc. 1204, ECF p. 53 of 87).

---

[1] The Combined Disclosure and Plan of Liquidation was revised and amended on April 4 (Case No. 21-32351, ECF Doc. 1252), April 11 (ECF Doc. 1273-1), and May 17, 2022 (ECF Doc. 1413-1). For ease of reference, the United States will continue to refer to the initial version ECF Doc. 1204.

**Diligent Prosecution**

As noted above, the United States' short-term goal is to have the New Defendants become parties to the Joint Stipulation. Because the New Defendants have expressed their intent to restart the Refinery, it is imperative that they become parties to the Joint Stipulation to ensure that they comply with the Joint Stipulation's requirements before restarting the Refinery or any Refinery process unit.

In January 2022, shortly after the Bankruptcy Sale closed, the United States began discussions with counsel for WIPL and PHRT about the need to become parties to the Joint Stipulation. On February 18, 2022, the United States filed the Third Joint Motion to Stay All Deadlines in order to "provide time to effectuate" the requirement that the Purchaser (WIPL and PHRT) become a party to the Joint Stipulation. Dkt. No. 12. However, on February 19, 2022, the undersigned attorney received an email from counsel for PHRT. (Exhibit 1 of Declaration of Myles E. Flint, II (hereinafter, Flint Dec.)). The email stated that after speaking with counsel for WIPL, "there is no need for any entity other than Port Hamilton to become a signatory on any document or filing." The position advocated by WIPL and PHRT in that email is inconsistent with the plain language of paragraph 11 of the Sale Order which requires that "the Purchaser [defined as WIPL and PHRT] must become party to . . . the Joint Stipulation in *United States v. Limetree Bay Refining, LLC, and Limetree Bay Terminals, LLC* . . .." (Exhibit 2 of Flint Dec.).[2]

The February 19, 2022 email from PHRT's counsel initiated a dispute between the United States, WIPL, and PHRT that culminated in the United States filing the *Motion, Pursuant to Fed. R. Civ. P. 25(c), For An Order Substituting West Indies Petroleum Limited, Port Hamilton Refining And Transportation, LLLP, And The Transition Refinery Entity, LLC For*

---

[2] Notably, in the Memorandum in Support of the Motion for Reconsideration, WIPL and PHRT conceded that the Sale Order requires that they "must become a party to the Joint Stipulation." ECF Doc. 27, p. 3.

*Defendant Limetree Bay Refining, LLC* (Motion to Substitute) on November 15, 2022.[3] During the dispute, the United States, WIPL, and PHRT had conference calls and exchanged correspondence. On July 27, 2022, the United States sent counsel for WIPL and PHRT a detailed letter explaining the United States' position on why both WIPL and PHRT must become parties to the Joint Stipulation, and providing WIPL and PHRT the opportunity to respond (July 27 Letter). (Exhibit 3 of Flint Dec.). WIPL and PHRT never responded to the July 27 Letter.

In the midst of the above-referenced dispute, the United States circulated a proposed First Amended Joint Stipulation to counsel for LBR, LBT, WIPL, and PHRT on April 15, 2022. (Exhibit 4 of Flint Dec.). WIPL and PHRT never provided written comments to the April 15, 2022 proposed First Amended Joint Stipulation.

On August 22, 2022, the United States filed a *Joint Motion to Stay All Deadlines and Proceedings Except For the United States' Expected Motion Under Rule 25 Of The Federal Rules Of Civil Procedure* (Joint Stay Motion). Dkt. No. 20. The Joint Stay Motion included the exception to file the FRCP Rule 25 motion because WIPL and PHRT had not provided written comments to the proposed April 15, 2022 First Amended Joint Stipulation and had not responded to the July 27 Letter. The Court granted the Joint Stay Motion on August 26, 2022. Dkt. No. 21. The Motion for Substitution was filed on November 15, 2022. Dkt. No. 23. On November 17, 2022, this Court granted the Motion for Substitution and ordered the substitution of WIPL, PHRT, and the TRE for defendant LBR.

After the Court denied the Motion for Reconsideration filed by WIPL and PHRT (Dkt. No. 39), the United States revised the draft First Amended Joint Stipulation. The revisions to the

---

[3] For the sake of brevity, the United States is not providing a full recitation of the discussions and correspondence between the parties leading up to the filing of the Motion to Substitute. However, the United States is prepared to provide that detail if the Court deems it necessary.

draft First Amended Joint Stipulation include the substitution of WIPL, PHRT, and the TRE for defendant LBR in this action, and changes to reflect that LBR has been reorganized as the TRE. The revised First Amended Joint Stipulation was emailed to counsel on March 3, 2023. (Exhibit 5 to Flint Dec.). On March 17, 2023, the United States sent a follow-up email to counsel for WIPL, PHRT, and the TRE requesting comments by March 31, 2023. (Exhibit 6 to Flint Dec.). PHRT provided written comments to the proposed First Amended Joint Stipulation on March 31, 2023. It is unclear if PHRT's comments include comments on behalf of the TRE. However, WIPL has not provided any comments to the proposed First Amended Joint Stipulation.

If the parties are not able to promptly reach agreement on a First Amended Joint Stipulation, the United States expects to seek a status conference and file a motion to enforce the requirements of the Sale Order within the next sixty days.

For all the above reasons, the Court should not dismiss this matter for failure to prosecute.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources
Division
United States Department of Justice

 s/Myles E. Flint, II
MYLES E. FLINT, II, Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources
Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
(202) 307-1859

## CERTIFICATE OF SERVICE

   The undersigned certifies that on April 5, 2023, he filed the *UNITED STATES' RESPONSE TO COURT'S SHOW CAUSE ORDER* electronically with the Clerk of Court using the CM/ECF system, which will send notifications of this filing to all who have made appearances and further certifies that the *UNITED STATES' RESPONSE TO COURT'S SHOW CAUSE ORDER* will be served on additional counsel for Limetree Bay Terminals, LLC, West Indies Petroleum Limited, and Port Hamilton Refining and Transportation, LLLP by electronic email:

**For Limetree Bay Terminals, LLC**
Mark Chavez
General Counsel
Limetree bay Terminals, LLC
One Estate Hope
Christiansted, USVI 00280

Corinne Snow
Vinson & Elkins
The Grace Building
1114 Avenue of the Americas
32nd Floor
New York, New York 10036

**For West Indies Petroleum Limited**
Thomas V. Eagan
Rasco Klock Perez & Nieto
2555 Ponce de Leon Blvd, Suite 600
Coral Gables, FL 33134

**For Port Hamilton Refining and Transportation, LLLP**
Julie R. Domike
Babst Calland, Attorneys at Law
505 9th Street NW, Suite 700
Washington, DC 20044

Matthew W. Morrison
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036-3006

                *s/Myles E. Flint, II*