**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| ———————————————————— )<br>UNITED STATES OF AMERICA )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>LIMETREE BAY TERMINALS, LLC, WEST )<br>INDIES PETROLEUM LIMITED, PORT )<br>HAMILTON REFINING AND )<br>TRANSPORTATION, LLLP, and the )<br>TRANSITION REFINERY ENTITY )<br> )<br> )<br> )<br> Defendants. )<br>———————————————————— ) | Civ. A. No. 1:21-cv-00264(WAL/EAH) |

**DECLARATION OF MYLES E. FLINT, II IN SUPPORT OF UNITED**
**STATES' RESPONSE TO COURT'S SHOW CAUSE ORDER**

I, Myles E. Flint, II, declare as follows:

1.      I am a Senior Counsel with the Environmental Enforcement Section of the United

States Department of Justice.

2.      Exhibit 1 to this Declaration is a true and correct copy of the February 19, 2022

cover email from attorney Julie R. Domike, counsel for Port Hamilton Refining and

Transportation, LLLP (PHRT), without the attachments.

3.      Exhibit 2 to this Declaration includes true and correct copies of excerpts from the

*Order I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of*

*Liens, Claims, Encumbrances, And Interests, (II) Authorizing the Debtors to Perform Under the*

*Asset Purchase Agreement, (III) Approving Procedures for the Assumption and Assignment of*

*Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief*, Case No. 21-32351, ECF Doc. 977.

4.      Exhibit 3 to this Declaration is a true and correct copy of a July 27, 2022 email and attached letter from attorney Myles E. Flint, II to counsel for West Indies Petroleum Limited (WIPL) and PHRT.

5.      Exhibit 4 to this Declaration is a true and correct copy of an April 15, 2022 cover email from attorney Myles E. Flint, II to counsel for Limetree Bay Refining, LLC, Limetree Bay Terminals, LLC, WIPL, and PHRT, without the attachments.

6.      Exhibit 5 to this Declaration is a true and correct copy of a March 3, 2023 cover email from attorney Myles E. Flint, II to counsel, without the attachments.

7.      Exhibit 6 to this Declaration is a true and correct copy of a March 17, 2023 email from attorney Myles E. Flint, II to counsel for WIPL and PHRT.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


*s/ Myles E. Flint, II*

Exhibit 1

| | |
|---|---|
| **From:** | Domike, Julie |
| **To:** | Flint, Myles (ENRD) |
| **Cc:** | "Tom Eagan" |
| **Subject:** | [EXTERNAL] FW: Quitclaim Deed, in favor of Port Hamilton, as filed with the Recorder of Deeds-St. Croix |
| **Date:** | Saturday, February 19, 2022 12:09:50 PM |
| **Attachments:** | Quitclaim Deed.Stamped-As-Filed (B0387022xC4935).pdf |

Myles,

Following our conversation about West Indies being noted in the Asset Purchase Agreement, I spoke with Tom Eagan and learned that the actual deed, as filed, for the refinery is in the name of Port Hamilton Refining and Transportation, LLLP.  Attached is the Deed for your files.  West Indies is not the Grantee, only Port Hamilton.  Therefore, there is no need for any entity other than Port Hamilton to become a signatory on any document or filing.

Please let me know if you have any comments or questions.

Many thanks,

Julie



**Julie R. Domike**
Attorney at Law
jdomike@babstcalland.com

505 9th St. NW
Suite 700
Washington, DC 20004
**Direct** 202.853.3453
**Main** 202.853.3453
**Fax** 202.853.3471
**Cell** 301.518.0972
**www.babstcalland.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Babst, Calland, Clements & Zomnir, P.C.

Exhibit 2

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 21, 2021

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE: | **Chapter 11** |
| **LIMETREE BAY SERVICES, LLC, _et al._,**[1] | **Case No.: 21-32351 (DRJ)** |
| **Debtors.** | **(Jointly Administered)** |

## ORDER (I) AUTHORIZING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (II) AUTHORIZING THE DEBTORS TO PERFORM UNDER THE ASSET PURCHASE AGREEMENT, (III) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF

### [Re: Docket No. 191]

Upon the motion, dated July 26, 2021 [Docket No. 191] (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Section K of the Procedures for Complex Cases in the Southern District of Texas (the "Complex Rules"), for entry of (a) an order (i) approving procedures (as amended, the "Bidding Procedures") for the solicitation of bids for the acquisition of substantially all assets of the Debtors (the "Sale"), (ii) scheduling an auction and final hearing for approval of the Sale, (iii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases of the Debtors (collectively, the "Executory

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the APA (as defined herein), as applicable.

without the prior written consent of the Purchaser.

## VII.   **Transfer of the Purchased Assets Free and Clear.**

9.      Except as expressly permitted or otherwise specifically provided for in the APA or this Sale Order, pursuant to sections 105(a), 363(b), 363(f), and 365(b) of the Bankruptcy Code, upon the Closing, the Purchased Assets shall be transferred to the Purchaser free and clear of any and all Liens, Claims, and Interests of any kind or nature whatsoever, excluding the Operating Agreement Assumed Liabilities.  For purposes of this Sale Order, "Liens," "Claims," and "Interests" shall mean:

a.      any and all charges, liens (statutory or otherwise), claims, mortgages, leases, subleases, hypothecations, deeds of trust, pledge, security interests, options, rights of use or possession, rights of first offer or first refusal (or any other type of preferential arrangement), rights of consent, rights of setoff, successor liability, easements, servitudes, restrictive covenants, interests or rights under any operating agreement, encroachments, encumbrances, third-party interests, or any other restrictions or limitations of any kind with respect to the Purchased Assets including all the restrictions or limitations set forth in Paragraph W above (collectively, "Liens");

b.      any and all claims as defined in section 101(5) of the Bankruptcy Code and jurisprudence interpreting the Bankruptcy Code, including, without limitation, (i) any and all claims or causes of action based on or arising under any labor, employment, or pension laws, (ii) any and all claims or causes of action based upon or relating to any putative successor or transferee liability, and (iii) any and all other claims, causes of action, rights, remedies, obligations, liabilities, counterclaims, cross-claims, third-party claims, demands, restrictions, responsibilities, or contribution, reimbursement, subrogation, or indemnification claims or liabilities based on or relating to any act or omission of any kind or nature whatsoever asserted against any of the Debtors or any of their respective affiliates, subsidiaries, directors, officers, agents, successors or assigns in connection with or relating to the Debtors, their operations, their business, their liabilities, the Debtors' marketing and bidding process with respect to the Purchased Assets, or the Sale contemplated by the APA including all the claims set forth in Paragraph W above (collectively, "Claims"); and

c.      any and all equity or other interests of any kind or nature whatsoever in or with respect to (x) any of the Debtors or their respective

affiliates, subsidiaries, successors, or assigns or (y) the Purchased Assets, including all the interests set forth in Paragraph W above (collectively, "Interests");

whether in law or in equity, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, direct or indirect, and whether arising by agreement, understanding, law, equity or otherwise, and whether occurring or arising before, on or after the Petition Date, or occurring or arising prior to the Closing. Any and all such Liens, Claims, and Interests shall attach to the portion of the purchase price ultimately attributable to the Purchased Assets against or in which they claim an interest, in the order of their priority, with the same validity, force, and effect, if any, which they now have against such Purchased Assets, subject to any claims, defenses, and objections, if any, that the Debtors or their estates may possess with respect thereto. On the Closing, the Purchaser shall take title to and possession of the Purchased Assets in PHRT, subject only to the obligations under the APA and Transaction Documents, including Operating Agreement Assumed Liabilities.

10. Nothing in this Order or the APA releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order. Nothing in this Order or the APA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any

defense asserted under this Order.

11.     Furthermore, notwithstanding anything in this Order or in the APA to the contrary, the Purchaser must become party to (i) the Consent Decree as modified by the First Modification and Second Modification in United States and the *United States Virgin Islands v. HOVENSA L.L.C.*, Civ. No. 1:11-cv-00006, in the United States District Court of the Virgin Islands, St. Croix Division (the "Consent Decree"), and (b) the Joint Stipulation in *United States v. Limetree Bay Refining, LLC, and Limetree Bay Terminals, LLC*, Civ. No. 1:21-cv-00264 (as each may be amended with the mutual consent of the parties); *provided*, that Purchaser shall not become liable for any obligations, other than air monitoring obligations, under such Consent Decree or Joint Stipulation that do not relate to property or units purchased or to be operated by Purchaser pursuant to this Sale Order by reason of so becoming a party to such Consent Decree or Joint Stipulation.  Nothing in this Order or the Sale Agreement (a) prevents the U.S. Environmental Protection Agency or other agency from issuing any order or taking other action under applicable nonbankruptcy law, or (b) modifies the Consent Decree, the Joint Stipulation, or any other applicable environmental, health and safety, or police and regulatory law.

**VIII.   Vesting of Assets in the Purchaser.**

12.     The transfer of the Purchased Assets to the Purchaser with Purchaser taking title in PHRT pursuant to the APA shall constitute a legal, valid, and effective transfer of the Purchased Assets on the Closing, and shall vest the Purchaser with all of the Debtors' rights, title, and interests in the Purchased Assets free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever (with the exception of the Operating Agreement Assumed Liabilities).

**IX.   Release of Liens.**

13.     If any person or entity that has filed any financing statements, mortgages, mechanic's liens, *lis pendens*, or any other documents or agreements evidencing a Lien on the

Exhibit 3

| | |
|---|---|
| **From:** | Flint, Myles (ENRD) |
| **To:** | "Tom Eagan" |
| **Cc:** | Julie R. Domike Esquire (jdomike@babstcalland.com); Villatora, Liliana; Froikin, Sara; Dykes, Teresa; Mills, Flaire |
| **Subject:** | WIPL and PHRT |
| **Date:** | Wednesday, July 27, 2022 5:04:00 PM |
| **Attachments:** | ENV_ENFORCEMENT-#3073799-v1-LIMETREE__WIPL_and_PHRT_Letter.PDF |

Tom,

Attached is a written response to your May 16th letter.  We would be happy to schedule a call to discuss.

Best,

Myles

*Myles E. Flint, II*
Senior Counsel
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
(o) (202) 307-1859
(c) (202) 532-3377



**U.S. Department of Justice**

Environment and Natural Resources Division

90-5-2-1-08229/1
90-5-2-1-08229/3

_____

*Environmental Enforcement Section*                              *Telephone (202) 307-1859*
*P.O. Box 7611*                                                  *Facsimile (202) 616-2427*
*Washington, DC  20044*


July 27, 2022


<u>*VIA ELECTRONIC MAIL*</u>

Thomas V. Eagan, Esq.
Rasco Klock Perez & Nieto
2555 Ponce de Leon Blvd, Suite 600
Coral Gables, Florida 33134

**Re:**   ***United States and the United States Virgin Islands v. HOVENSA L.L.C.*, Civ. No. 1:11-cv-000006; and *United States v. Limetree Bay Refining, LLC and Limetree Bay Terminals, LLC,* Civ. No. 1:21-cv-00264**

Dear Mr. Eagan:

      In response to your May 16th letter, the United States' position on who must become a party to the Consent Decree and the Joint Stipulation remains unchanged.  West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP have not provided information or documentation sufficient to change the United States' position.

      Your May 16th letter incorrectly frames the United States' focus.  As noted during our conversations on March 22 and April 27, the United States' focus is <u>not</u> on the post-closing ownership of the assets.  Instead, the United States' focus has always been on the Court's requirements in the *Order (I) Authorizing the Sale of All of Substantially All of the Debtors' Assets Free and Clear of liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform under the Asset purchase Agreement, (III) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (Doc. No. 977) (the "Sale Order").  Specifically, paragraph 11 of the Sale Order requires, *inter alia*, that:

      [T]he **Purchaser** must become party to (i) the Consent Decree as modified by the
      First Modification and Second Modification in United States and the United
      States Virgin Islands v. HOVENSA, L.L.C, Civ. No. 1:11-cv-00006, in the
      United States District Court of the Virgin Islands, St. Croix Division (the
      "Consent Decree"), and (b) the Joint Stipulation in United States v. Limetree Bay
      Refining, LLC, and Limetree Bay Terminals, LLC, Civ. No. 1:21-cv-00264 . . .
      (emphasis added).

The Sale Order defines the "Purchaser" at page 2 as "West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP (together, the "Purchaser")." None of the Sale Order language you highlighted in your letter does anything to alter the requirement in paragraph 11.

The term **Purchaser** is defined consistently in numerous orders issued by Judge Jones in the bankruptcy proceedings to mean both West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP. Additional examples include the following:

- Asset Purchase Agreement (Doc. No. 977-1, Exhibit 1 to the Sale Order, Doc. No. 977) states in the very first paragraph that:
  *West Indies Petroleum Limited ("WIPL"), a Jamaican corporation, and Port Hamilton Refining and Transportation, LLLP, a Virgin Islands limited liability limited partnership, formed by West Indies Petroleum Limited pursuant to the laws of the United States Virgin Islands ("PHRT" and, together with WIPL, "Purchaser"; Purchaser and Sellers, each a "Party" and collectively "Parties").*

- The Bill of Sale that is Appendix A to the Asset Purchase Agreement (Doc. No. 977-1) states that Purchasers are *West Indies Petroleum Limited ("WIPL"), a Jamaican corporation, and Port Hamilton Refining and Transportation, LLLP ("PHRT"), a Virgin Islands limited liability limited partnership.*

- Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors dated March 18, 2022 (Doc. No. 1204), Section II.A.144, defines Purchaser as *West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP, collectively.*

- Revised Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors dated April 4, 2022 (Doc. No. 1252), Section II.a.143, defines Purchaser as *West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP, collectively.*

- Revised Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors dated April 11, 2022 (Doc. No. 1273-1), Section II.A.143, defines Purchaser as *West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP, collectively.*

- *Order Approving Disclosure Statement on a Final Basis and Confirming Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors*, Doc. No. 1454), Exhibit A, Section II.A.144, defines Purchaser as *West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP, collectively.*

In addition to these bankruptcy documents, and as noted in my April 26, 2021 email, the United States' position is supported by the following:

- Mr. Charles Chambers, the CEO of West Indies Petroleum Limited, signed the Asset Purchase Agreement on behalf of West Indies Petroleum Limited, a Jamaican corporation;

- Mr. Chambers testified at the December 21, 2021 Sale Hearing that he and his partners in West Indies Petroleum Limited were providing 70% of the money towards the purchase price;

- A Virgin Islands Consortium article of January 26, 2022 noting that West Indies Petroleum Limited funded $50.5 million of the sale price (https://viconsortium.com/vi-business/virgin-islands-limetree-bay-refinery-now-belongs-to-west-indies-petroleum); and

- A Jamaica Observer article of January 28, 2022 reporting that Mr. Chambers confirmed that West Indies Petroleum Limited closed the deal to acquire the Limetree Bay Refinery (https://www.jamaicaobserver.com/business/done-deal/).

To be clear, West Indies Petroleum Limited's statement on June 22, 2022, and Port Hamilton Refining and Transportation, LLLP's statement of June 23, 2002, both of which appear to focus on who took ownership of the assets by relying almost solely on a Quit Claim Deed for the transfer of the real property, are not sufficient documentation to demonstrate that West Indies Petroleum Limited is relieved from its obligations in the Court's *Final Order Approving Disclosure Statement on a Final Basis and Confirming Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors* dated May 20, 2022 (Doc. No. 1454).

In the meantime, the United States requests that West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP provide the following information:

- Identify the individuals and entities that provided the $62 million to close the bankruptcy sale;

- For West Indies Petroleum Limited:
  - Provide copies of all corporate formation documents;
  - Identify the ownership, legal, and management structure of West Indies Petroleum Limited, including the direct and indirect subsidiaries of West Indies Petroleum Limited;
  - Provide a list of all partners, investors, shareholders, officers, directors, and managers of West Indies Petroleum Limited;
  - Provide a list of all direct and indirect subsidiaries, and joint ventures of West Indies Petroleum Limited; and
  - Explain what legal factors West Indies Petroleum Limited was referencing in this statement from its' June 22 press release:
    - "Although an initial participant in the early bidding process, due to legal factors WIPL elected not to further pursue the initiative. Those factors also constrained WIPL from commenting sooner about the inaccurate reports in the media."

- For Port Hamilton Refining and Transportation, LLLP
  - Provide copies of all corporate formation documents of Port Hamilton Refining and Transportation, LLLP and any related entity;
  - Identify the ownership, legal, and management structure of Port Hamilton Refining and Transportation, LLLP, including the direct or indirect

- o  Identify the ownership, legal, and management structure of Port Hamilton Refining and Transportation, LLLP, including the direct or indirect parents of Port Hamilton Refining and Transportation, LLLP;
- o  Provide a list of all partners, investors, shareholders, officers, directors, and managers of Port Hamilton Refining and Transportation, LLLP; and
- o  Provide a list of all direct or indirect parent companies, subsidiaries, and joint ventures of Port Hamilton Refining and Transportation, LLLP.

We look forward to the receipt of this information.

Very truly yours,

Myles E. Flint, II

cc:
Julie Domike
Liliana Villatora
Sara Froikin
Teresa Dykes
Flaire Mills

- 4 -

Exhibit 4

| | |
|---|---|
| **From:** | Myles.Flint@usdoj.gov |
| **To:** | DeLaquil, Mark; Mark.Chavez; Julie R. Domike Esquire (jdomike@babstcalland.com); "Tom Eagan" |
| **Cc:** | Pierce, Jennifer; Froikin, Sara (she/her/hers); Villatora, Liliana; Caballero, Kathryn |
| **Subject:** | Limetree / West Indies / Port Hamilton |
| **Date:** | Friday, April 15, 2022 4:35:54 PM |
| **Attachments:** | ENV_ENFORCEMENT-#3053388-v1-LIMETREE__proposed_FIRST_AMENDED_JOINT_STIPULATION.DOCX |

All,

Attached is a draft First Amended Joint Stipulation. The intent of this document is to add West Indies Petroleum and Port Hamilton Refining and Transportation as parties to the Stipulation, as required by the bankruptcy Sale Order.

In addition, under the Third Stay in the 303 Action the parties are required to submit a Fourth Joint Status Report to the court by April 20th. I expect to circulate a draft for LBT's and LBR's comment on Monday.

Thank you,

Myles

**Myles E. Flint, II**
Senior Counsel
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
(o) (202) 307-1859
(c) (202) 532-3377

Exhibit 5

**Flint, Myles (ENRD)**

| | |
|---|---|
| **From:** | Flint, Myles (ENRD) |
| **Sent:** | Friday, March 3, 2023 3:13 PM |
| **To:** | Morrison, Matthew W.; Julie R. Domike Esquire (jdomike@babstcalland.com); Gary E. Steinbauer (gsteinbauer@babstcalland.com); Corinne Virginia Snow - Vinson & Elkins LLP (csnow@velaw.com); Mark Chavez |
| **Cc:** | Froikin, Sara; Amri, Sara; Dykes, Teresa |
| **Subject:** | St. Croix Refinery - LBT, WIPL, PHRT, TRE |
| **Attachments:** | ENV_ENFORCEMENT-#3148951-v1-LIMETREE__feb_2023 _Proposed_Amendment_to_Joint_Stipulation.DOCX |

All,

Attached is a proposed First Amended Joint Stipulation in the CAA 303 action. This is a revision to the draft initially circulated on April 15, 2022. The intent of this revision is to address changes that have occurred since the April 2022. Those changes include the creation of the Transition Refinery Entity, the issuance of the order approving the plan of liquidation, and the substitution of West Indies, Port Hamilton, and the Transition Refinery Entity for Limetree Bay Refining.

Additionally, during a call on January 26, Julie inquired about a modification to the Petroleum Refinery Initiative Consent Decree. DOJ and EPA are still discussing how the federal government would like to proceed with the Consent Decree. Once the federal government has a position, we will need to confer with the Virgin Islands. In the meantime, if your respective clients have thoughts on the Consent Decree, it would be helpful to see those thoughts in writing. Please submit those thoughts to both the United States and the Virgin Islands.

Best,
Myles


*Myles E. Flint, II*
Senior Counsel
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
(o) (202) 307-1859
(c) (202) 532-3377

Exhibit 6

**Flint, Myles (ENRD)**

| | |
|---|---|
| **From:** | Flint, Myles (ENRD) |
| **Sent:** | Friday, March 17, 2023 12:57 PM |
| **To:** | Julie R. Domike Esquire (jdomike@babstcalland.com); 'Thomas V. Eagan'; Morrison, Matthew W. |
| **Cc:** | Froikin, Sara; Amri, Sara; Dykes, Teresa |
| **Subject:** | Joint Stipulation |

Julie, Tom, and Matt,

We are concerned about the delay in receiving your clients' comments on the proposed modification to the Joint Stipulation.

As Julie and Tom are aware, an initial draft amendment to the Joint Stipulation was circulated on April 15, 2022. Neither Port Hamilton or West Indies ever provided written comments to that draft. Now that the court has ordered we have a court order substituting Port Hamilton, West Indies and the Transition Refinery Entity for Limetree Bay Refining in the CAA 303 action, the United States wants to move quickly to add all three as signatories to the Joint Stipulation. For that reason, the United States requests that Port Hamilton, West Indies, and the Transition Refinery Entity provide comments to the draft circulated to Julie and Matt on March 3, and Tom on March 14, by March 31.

Thank you,
Myles