**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS, LLC, WEST INDIES PETROLEUM LIMITED, PORT HAMILTON REFINING AND TRANSPORTATION, LLLP, and the TRANSITION REFINERY ENTITY, INC.<br><br>Defendants. | Civ. A. No. 1:21-cv-00264(WAL/EAH) |

**<u>PROPOSED ORDER</u>**

WHEREAS, the United States of America, by the authority of the Attorney General of the United States, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA") filed a civil action against defendants Limetree Bay Refining, LLC and Limetree Bay Terminals, LLC (collectively, "Limetree Bay") under Section 303 of the Clean Air Act ("CAA" or the "Act"), 42 U.S.C. § 7603 (ECF 1).

WHEREAS, the complaint seeks injunctive relief under Section 303 of the CAA requiring Limetree Bay to comply with a CAA Emergency Order ("EPA Order," ECF 2-1) that EPA issued on May 14, 2021, and other relief.

WHEREAS, on June 16, 2021, EPA issued an information request to Limetree Bay under Section 114(a) of the CAA, 42 U.S.C. § 7414(a) ("114 Request," ECF 2-2) requiring Limetree Bay to install and operate ambient air monitoring equipment for hydrogen sulfide ($H_2S$) and sulfur dioxide ($SO_2$) at nine specified locations.

1

WHEREAS, Limetree Bay began to idle the Refinery on May 12, 2021, and later represented that it did not intend to restart the Refinery or any Refinery Process Unit, except as necessary to purge hydrocarbons from process units and other equipment as part of the process of bringing the Refinery to a state of indefinite shutdown.

WHEREAS, Port Hamilton Refining and Transportation, LLLP ("Port Hamilton") and West Indies Petroleum Limited ("West Indies") purchased substantially all of Limetree Bay Refinery, LLC's assets in the Chapter 11 Bankruptcy proceedings and have been substituted as Defendants in the present action;

WHEREAS, the Bankruptcy Court's Sale Order at Paragraph 11 commands that West Indies and Port Hamilton "must become [parties]" to the Joint Stipulation filed in this Court (ECF 2);

WHEREAS, after eighteen months, Port Hamilton and West Indies have still failed to comply with the Bankruptcy Court's requirement;

AND NOW, this _____ day of _____, 2023, upon consideration of Plaintiff United States' Motion To Direct Defendants To Abide By The Joint Stipulation In Accordance With The Bankruptcy Sale Order and Memorandum In Support, said Motion is hereby GRANTED.

WHEREFORE, it is hereby ORDERED:

1. The Limetree Bay Refinery[1] has been idled.

---

[1] Terms used in this Order that are defined in the Clean Air Act or in regulations promulgated pursuant to the Act have the meanings assigned to them in the Act or such regulations, unless otherwise provided in the Complaint or EPA Order.

2. Except as provided pursuant to Paragraphs 9, 10 and 13 below, Defendants Port Hamilton, West Indies, and the TRE shall notify the United States and the Court not less than ninety (90) days before restarting the Refinery, or any Refinery Process Unit for any purpose.

3. The Audit Reports required by Paragraph 115.d of the EPA Order were submitted to EPA by June 25, 2021, in compliance with the deadline set forth in Paragraph 115.d of the EPA Order.

4. Except as provided pursuant to Paragraphs 9, 10 and 13 below, by no later than ninety (90) days prior to any restart of the Refinery or any Refinery Process Unit, Defendants Port Hamilton, West Indies, and the TRE shall submit to EPA the Plan required by Paragraph 115.*l* of the EPA Order (the "303 Order Plan") that addresses all findings, conclusions, and observations set forth in each Audit Report, with a schedule for implementation of all corrective measures. The 303 Order Plan shall specify which measures must be completed prior to restart of the Refinery or any Refinery Process Unit.

5. As part of the 303 Order Plan submitted under Paragraph 4, Defendants Port Hamilton, West Indies, and the TRE shall identify any changed conditions at the Refinery that occurred since May 12, 2021, including but not limited to any corrective measures taken.

6. Before Defendants Port Hamilton, West Indies, or the TRE restart the Refinery or any Refinery Process Unit, they shall complete all measures necessary to eliminate any imminent and substantial endangerment to public health or welfare or the environment posed by the Refinery or Refinery Process Unit.

7. Except as provided pursuant to Paragraphs 9, 10 and 13, no later than ninety (90) days prior to restart of the Refinery or any Refinery Process Unit, Defendants Port Hamilton, West Indies, and the TRE shall submit to EPA an ambient air monitoring plan ("Monitoring Plan") that

includes the operation of $H_2S$ and $SO_2$ monitors at the nine (9) monitoring sites specified in Table A of the 114 Request ("Monitoring Sites"), as required by the 114 Request.

8. Except as provided pursuant to Paragraphs 9, 10 and 13, Defendants Port Hamilton, West Indies, and the TRE shall install and operate the $H_2S$ and $SO_2$ monitors at the Monitoring Sites, as well as a meteorological tower, as required by the 114 Request, no later than thirty (30) days prior to any restart of the Refinery or any Refinery Process Unit.

9. Defendants Port Hamilton, West Indies, and the TRE shall submit to EPA a plan ("Hydrocarbon Purge Plan") for purging hydrocarbons from Refinery Process Units and other equipment at the Refinery as part of the process of bringing the Refinery to a state of indefinite shutdown. The Hydrocarbon Purge Plan shall identify the activity or activities that Defendants Port Hamilton, West Indies, and the TRE intend to undertake under the Hydrocarbon Purge Plan, as well as the measures Defendants Port Hamilton, West Indies, and the TRE have taken or will take prior to restarting, or during the operation of, any Refinery Process Unit covered by the Hydrocarbon Purge Plan, to ensure that the purging process and any associated activities do not present an imminent and substantial endangerment to public health or welfare or the environment, including but not limited to measures in response to recommendations contained in the Audit Reports. The Hydrocarbon Purge Plan shall include, among other things: the operation of ambient air monitoring during all purging operations and compliance with applicable requirements of 40 C.F.R. Part 60, Subpart Ja and 40 C.F.R. Part 63, Subpart CC.

10. The purging process and any associated activities shall be conducted in accordance with the EPA-approved Hydrocarbon Purge Plan, subject to any modifications necessary based on monitoring data or other information received by EPA suggesting that operations under the Hydrocarbon Purge Plan may present an imminent and substantial endangerment to public health or welfare, or the environment. Before EPA makes or requires any modifications to an approved

4

Hydrocarbon Purge Plan, the Parties shall meet and confer. Any proposed modification by Defendants Port Hamilton, West Indies, or the TRE to the EPA-approved Hydrocarbon Purge Plan shall be subject to Paragraph 12, below. Defendants Port Hamilton, West Indies, and the TRE shall not begin the purging process or any associated activities without EPA's approval, nor shall Port Hamilton, West Indies, and the TRE use any Refinery Process Unit other than as specified in the EPA-approved Hydrocarbon Purge Plan.

11. Defendants Port Hamilton, West Indies, and the TRE may submit and EPA may approve one or more Hydrocarbon Purge Plans subject to Paragraphs 9 and 10.

12. Any plan required by this Order shall be submitted to EPA for its review, comment, and approval or approval with modifications, and shall be sent by email to the EPA and VIDPNR representatives listed in Paragraph 116 of the EPA Order.

13. For the avoidance of doubt, nothing in the 303 Order or this Order prevents Defendant Limetree Bay Terminals from operating equipment necessary for Terminal operations, or necessary to generate electricity or provide drinking water or wastewater management for the Facility, the HOVENSA Environmental Response Trust, and for the worker residences dependent on the Facility for such services.

BY THE COURT

_____