IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LIMETREE BAY TERMINALS, LLC, )<br>WEST INDIES PETROLEUM LIMITED, )<br>PORT HAMILTON REFINING AND )<br>TRANSPORTATION, LLLP, and the )<br>TRANSITION REFINERY ENTITY, INC. )<br>)<br>Defendants. )<br>) | CASE NO. 1:21-cv-00264 (WAH/EAH) |

**LIMETREE BAY TERMINALS, LLC'S RESPONSE TO UNITED STATES'
MOTION TO DIRECT DEFENDANTS TO ABIDE BY THE JOINT
STIPULATION IN ACCORDANCE WITH THE BANKRUPTCY SALE ORDER**

Defendant Limetree Bay Terminals, LLC, d/b/a Ocean Point Terminals ("OPT"), files this Response to the *United States Motion to Direct Defendants to Abide by the Joint Stipulation in Accordance with the Bankruptcy Sale Order* (ECF Doc. 46) to (1) inform the Court that OPT is unable to unilaterally comply with the terms of the Joint Stipulation entered in this case, (ECF Doc. 2) because it does not own or operate the vast majority of the assets that are subject to the Joint Stipulation and (2) to clarify that the Clean Air Act permits that it holds did not and do not give OPT such authority over the St. Croix oil refinery ("Refinery"). OPT supports a modification to the Joint Stipulation to reflect the current ownership and control of the assets subject to the Joint Stipulation and further clarify OPT's responsibilities under the Joint Stipulation.

As further detailed in OPT's Memorandum in Response to Defendants West Indies Petroleum Limited ("WIPL") and Port Hamilton Refining and Transportation, LLLP's ("PHRT") Motion for Reconsideration of Order Granting the United States' Motion for Substitution (ECF

1

Doc. 30), the Joint Stipulation applies primarily to Refinery assets that OPT has not owned or operated since 2018. (*See* Declaration of Akeel St. Jean attached here to as Exhibit A ("St. Jean Decl.") at Ex. 1). Indeed, at the time of the events leading up to and resulting in EPA issuing the administrative order under Section 303 of the Clean Air Act, 42 U.S.C. § 7603 ("303 Order") (ECF Doc. 2-1) that is the subject of this case, OPT no longer had any ownership interest or operational control over the Refinery assets that gave rise to the Order and the Joint Stipulation.[1]

OPT was included in this case, and the Joint Stipulation, because OPT continues to hold Clean Air Act permits that apply to some of the Refinery's assets. (Ex. A, St. Jean Decl. at Ex. 2). OPT holds these permits because it owned (and continues to own) a neighboring terminal facility that was historically part of the same site as the Refinery. Due to the historically-connected nature of the two facilities, a single Title V air permit presently applies to both OPT's terminal and the neighboring Refinery, and this permit is necessary for OPT's current operations. *Id.* However, these air permits do not give OPT any power to control the operation of Refinery equipment that it does not own. Likewise, at the time of the events that gave rise to the Order, OPT's status as a permittee did not give it any legal authority or practical power over the Refinery assets. Instead, as recognized in the Refinery Operating Agreement between Limetree Bay Terminals, LLC, and the Government of the U.S. Virgin Islands (and later assumed by PHRT), the "Refinery Operator and/or its permitted successors and assigns shall own and maintain the Refinery as a standalone facility . . . and perform all of its obligations under this Agreement . . . in a manner that does not

---

[1] OPT retained, and continues to retain, an undivided ownership interest over certain "shared services systems." (*See* Ex. A, St. Jean Dec. at Ex. 3.) OPT's ownership over these shared services systems likewise did not and does not provide it with the legal authority to control the Refinery assets sold to Limetree Bay Refining and subsequently to the current Refinery owners.

unduly interfere with Terminal Operations." (Ex. A, St. Jean Decl. at Ex. 4, §§ 5.1(A),(C); *see also* Ex. A, St. Jean Decl. at Ex. 5).

The Joint Stipulation explicitly recognizes the limited role that OPT was intended to play in this case and the implementation of the Joint Stipulation: "For the avoidance of doubt, nothing in the 303 Order or this Stipulation prevents Limetree Bay from operating equipment necessary for Terminal operations . . . ." (ECF Doc. 2 ¶ 13).[2] Yet OPT finds itself in the illogical and untenable current situation of being the only remaining entity that is party to the Joint Stipulation. As OPT has previously noted, (ECF Doc. 30 at 4-5) the Joint Stipulation places a number of obligations on the Refinery's operations which can only be fulfilled by a party with ownership and control over the Refinery. OPT has therefore supported the United States's efforts to work collaboratively with OPT and the current Refinery owners to amend the Joint Stipulation to reflect the appropriate responsibilities for each party.

---

[2] This provision likewise recognizes that OPT's use of certain jointly owned "shared services systems" is not intended to be constrained by the provisions of the Joint Stipulation and provides another reason why OPT is party to this case and the Joint Stipulation.

        Respectfully submitted,

Dated:  August 24, 2023       s/ Carl A. Beckstedt III
       Carl A Beckstedt III
       V.I. Bar No. 684
       **BECKSTEDT & KUCZYNSKI LLP**
       2162 Church Street
       Christiansted, VI 00820-4604
       340-719-8086
       Fax: 800-886-6831
       Email: carl@beckstedtlaw.com

       Corinne V. Snow
       **VINSON & ELKINS LLP**
       The Grace Building
       1114 Avenue of the Americas
       32nd Floor
       New York, NY  10036
       (212) 237-0157
       Fax:    (212) 237-0100
       Email: csnow@velaw.com

## CERTIFICATE OF SERVICE

      I HEREBY certify that on August 23, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record, and I served the document upon the following counsel for the Transition Refinery Entity, LLC by electronic mail:

JULIE DOMIKE
Babst Calland, Attorneys at Law
505 9th Street NW, Suite 700
Washington. DC 20004
jdomike@babstcalland.com


MATTHEW W. MORRISON
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036-3006
matthew.morrison@pillsburylaw.com

                                                                   s/ Carl A. Beckstedt III
                                                                   Carl A Beckstedt III