EXECUTION COPY

WHEREAS, this Settlement Agreement is entered into voluntarily and applies to and is binding upon the Plaintiffs and upon Settling Defendants, and their successors and assigns.

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual covenants and conditions contained herein, and without admitting any liability for any purpose and intending to be legally bound, the Parties agree as follows:

1. Definitions. In addition to the definitions contained in the Preamble and Recitals in this Agreement, whenever the terms listed below are used in this Settlement Agreement or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply solely for purposes of this Settlement Agreement:

A. "Day" shall mean a calendar day unless expressly stated to be a working day. The term "working day" shall mean a day other than a Saturday, Sunday, Federal holiday or Virgin Islands holiday. In computing any period of time under this Settlement Agreement, where the last day would fall on a Saturday, Sunday, Federal holiday or Virgin Islands holiday, the period shall run until the close of business of the next working day.

B. "Effective Date" shall mean the date this Settlement Agreement is fully executed by all the parties.

C. "First Payment Date" shall mean a day within two (2) working days after the Effective Date of this Settlement Agreement.

D. "HOVENSA's Real Property, Fixtures and Equipment" shall mean (i) the Refinery Property and all fixtures affixed to the Refinery Property and equipment of any kind located thereon and (ii) any crude oil or refined petroleum products to which any Settling Defendant has title stored in above-ground storage tanks within the Refinery Property.

E. "HOVENSA Sale" shall mean the sale of all or substantially all of the equity ownership units in HOVENSA, itself, to a third party or third parties.

F. "Natural Resources" shall mean land, fish, wildlife, biota, surface water, ground water, drinking water supplies, wetlands, habitats, species, estuarine and marine environments, wildlife and marine sanctuaries, archaeological, cultural, recreational and other biotic resources, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the Virgin Islands, singly or jointly with another person or entity.

G. "Pre-Existing Contamination" shall mean discharges of any pollutant, contaminant, hazardous waste, hazardous substance, crude oil, any fraction thereof, any petroleum product, petroleum byproduct, and/or fuel additive into soil, ground water, marine sediments and/or surface water at the Refinery Property prior to the Effective Date of this Settlement Agreement, and described in documents referenced in **Exhibit A**. Contamination not

VMS

EXECUTION COPY

identified in any such documents is not Pre-Existing Contamination and is outside the scope of the Settlement Agreement.

H. "Refinery Property" shall mean the real property that constitutes the site of the HOVENSA oil refinery facility located at Limetree Bay, St. Croix, United States Virgin Islands including all upland and presently or formerly submerged land owned or leased at any time by HOVIC or HOVENSA.

I. "Refinery Sale" shall mean the sale of some or all of the Refinery Property and or HOVENSA's Real Property, Fixtures and Equipment.

J. "Related Parties" shall mean (i) PDVSA V.I., Inc., St. Croix Petrochemical Corp., Hess Corporation (f/k/a Amerada Hess Corporation), Petroleos de Venezuela, S.A., and their shareholders, directors, officers and employees, and any other of the Settling Defendants' former or current parent corporations, former or current subsidiary corporations, joint venture partners, predecessor corporations, and members; or (ii) the Settling Defendants' successor and assigns, but only to the extent that the alleged liability of such entity or entities is based on the alleged liability of a Settling Defendant prior to the Effective Date of the Settlement Agreement.

K. "Second Payment Date" shall mean the earlier of (i) December 31, 2014 or (ii) the date of the closing of the Refinery Sale or HOVENSA Sale.

L. "Security Documents" shall mean the documents set forth at Exhibit B hereto.

M. "Total Settlement Value" shall mean $43,500,000.00.

N. "UCC" shall mean the Uniform Commercial Code as in effect in the Virgin Islands, as it may be amended from time to time and codified at Title 11A of the Virgin Islands Code.

2. Payments. Settling Defendants shall pay or cause to be paid to the Government the Total Settlement Value. HOVENSA shall pay $3,500,000.00 ("First Payment") on or before the First Payment Date by wiring such funds to the account provided by counsel for the Government on or before the Effective Date. HOVENSA shall pay the Government of the Virgin Islands an additional $40,000,000.00 on the Second Payment Date upon the closing of a Refinery Sale, or if there is no Refinery Sale but a HOVENSA Sale, HOVIC, PDVSA, V.I., Inc. and HOVENSA shall cause the payment of $40,000,000.00 to the Government on the Second Payment Date. The payment of $40,000,000.00 is referred to as the "Second Payment" herein. No proceeds from the Refinery Sale and/or HOVENSA Sale shall be paid to Hess Corporation or Petroleos de Venezuela, S.A. prior to the Second Payment being made to the Government. Upon receipt of the wire-transfer(s) of the $40,000,000.00 to the Government of the Virgin Islands to



EXECUTION COPY

the account (or accounts) that were provided by counsel for the Government on or before the Effective Date, the Government shall release the first priority lien described in Paragraph 3 herein.

3. HOVENSA shall secure all of its obligations hereunder by granting to the Government of the Virgin Islands, on the Effective Date, as defined above, first priority liens on HOVENSA's Real Property, Fixtures, and Equipment located in St. Croix in the amount of $40,000,000. HOVENSA shall take all actions, and execute all documents necessary, to grant and perfect the first priority liens described herein. A copy of the Security Documents, which include a first priority mortgage, security agreement, and UCC financing statement, are attached hereto as **Exhibit B**. In providing these first priority liens and entering into this Settlement Agreement, HOVENSA hereby certifies that the Refinery Property and HOVENSA's Real Property, Fixtures and Equipment are owned by HOVENSA free and clear and that there are no encumbrances of any kind on its property of any kind, including but not limited to charges, claims, judgments, deeds of trust, community property interests, pledges, conditions, equitable interests, liens (statutory or other), options, security interests, mortgages, easements, encroachments, rights of way, rights of first refusal, or restrictions of any kind, including any restriction on use, voting, transfer, receipt of income or exercise of any other attribute of ownership except those held by the Government, the Virgin Islands Waste Management Authority, or Virgin Islands Port Authority.

4. If the Total Settlement Value has not been received by the Government on or before December 31, 2014, the Governor of the Virgin Islands shall have the option, in the Governor's discretion, to either (i) reduce the Second Payment to the amount of the gross proceeds from the Refinery Sale or HOVENSA Sale or (ii) enforce all remedies and exercise all rights available to it under the Security Documents and applicable law, including without limitation the right to foreclose on any or all of the Refinery Property and/or HOVENSA's Real Property, Fixtures and Equipment.

5. **Plaintiffs' Release**. In consideration for the First Payment, Second Payment, and lien described in Paragraph 3, Plaintiffs hereby release HOVENSA, HOVIC, and Related Parties from all claims asserted in and relief, including attorneys' fees and litigation costs, ever sought by Plaintiffs in *Commissioner of the Dep't of Planning and Natural Resources, et al. v. Century Alumina Co., et al.*, Civ. No. 2005-0062 (D.V.I.) ("Civ. No. 2005-0062") with respect to all Pre-Existing Contamination and harm or damage to or loss of natural resources, or limitations on the use or availability of ground water caused by Pre-Existing Contamination resulting from spills, discharges or releases of Contaminants at the Refinery Property prior to the Effective Date.

6. **Plaintiffs' Covenant Not to Sue**. In consideration of the First Payment, Second Payment, and lien described in Paragraph 3, except as specifically provided in Paragraphs 7 and 9, Plaintiffs covenant not to sue or to take other civil or administrative action under Virgin Islands law, common law, or federal law against the Settling Defendants and their Related Parties for response costs, damages, natural resource damages, and/or injunctive relief due to Pre-Existing Contamination. The Plaintiffs' covenants not to sue are conditioned upon the



EXECUTION COPY

satisfactory performance by Settling Defendants of their obligations under this Settlement Agreement.

7. Reservation of Rights by Plaintiffs. Notwithstanding any other provision of this Agreement, Plaintiffs reserve, and this Agreement is without prejudice to, all rights against Settling Defendants, their successors, their assigns, future owner(s) and operator(s) of the Refinery Property after the Effective Date, and subsequent owner(s) of HOVENSA with respect to

(a) Breach by Settling Defendants of the Settlement Agreement,

(b) Liability based on a Settling Defendant's transportation, treatment, storage, or active disposal, or the arrangement for the transportation, treatment, storage, or active disposal of contaminants, pollutants, hazardous substances, solid or hazardous wastes, or any other substances at a location within the USVI other than the Refinery Property, with the exception of placement of dredge spoil in SWMU 27, Lagoon No. 1 Dredge Spoil Area, in compliance with and as identified in RCRA Part B Operating Permit HOVENSA L.L.C.-EPA I.D. # VID980536080, which Lagoon is located on property now or formerly owned by St. Croix Renaissance Group,

(c) criminal liability that is unrelated to the matters being released by Plaintiffs under this Settlement Agreement,

(d) liability for violations of federal or territorial laws, regulations, agreements, orders, consent decrees, licenses, and permits that occur after the Effective Date;

(e) liability arising from future spills, releases or discharges of contaminants, pollutants, hazardous substances, hazardous wastes, crude oil, any fraction thereof, any petroleum product, petroleum byproduct, and/or fuel additive or any other substances at or from the Refinery Property after the Effective Date;

(f) liability arising from off-site migration of contaminants, pollutants, hazardous substances, hazardous wastes, crude oil, any fraction thereof, any petroleum product, petroleum byproduct, and/or fuel additive or any other substances at or from the Refinery Property after the Effective Date and

(g) liability arising from releases or discharges of contaminants, pollutants, hazardous substances, solid or hazardous wastes, or any other substances not within the definition of Pre-Existing Contamination

The reservation of rights contained in Paragraph 7(f) as to off-site migration of contaminants, pollutants, hazardous substances, hazardous wastes, crude oil, any fraction thereof, any



EXECUTION COPY

petroleum product, petroleum byproduct, and/or fuel additive or any other substances at or from the Refinery Property after the Effective Date does not apply to HOVIC.

8. Releases and Covenant Not to Sue Plaintiffs by Settling Defendants. Settling Defendants and their Related Entities covenant not to sue and agree not to assert any claims or causes of action against the Government, the Trustee, the Commissioner, any other agency or instrumentality of the Government, the Virgin Islands Waste Management Authority, the Virgin Islands Port Authority, and any of their directors, officials, officers, and employees with respect to the matters addressed in this Settlement Agreement, including but not limited to any direct or indirect claim regarding Pre-Existing Contamination and/or seeking reimbursement of the costs of complying with this Settlement Agreement. The Settling Defendants and their Related Entities release and forever discharge the Plaintiffs and their directors, officials, officers, and employees from all counterclaims asserted in and relief ever sought by Settling Defendants in Civ. No. 2005-0062. The Settling Defendants release and forever discharge the Virgin Islands Waste Management Authority and its directors, officials, officers, and employees from all third-party claims asserted in and relief ever sought by Settling Defendants in Civ. No. 2005-0062.

9. Compliance with Laws. This Settlement Agreement will not in any way affect obligations of HOVENSA and its successors and assigns and any future owner or operator of the refinery operations and/or Refinery Property after the Effective Date of this Agreement to comply with all federal and territorial laws, regulations, agreements, orders, consent decrees, licenses and permits, including but not limited to HOVENSA's ongoing and future obligations pursuant to the federal Resource Conservation and Recovery Act, Virgin Islands Coastal Zone Management Act, Virgin Islands Oil Spill Prevention and Pollution Control Act, federal Clean Water Act, Virgin Islands Water Pollution Control Act, Virgin Islands Water Resources Conservation Act, federal Clean Air Act, Virgin Islands Air Pollution Control Act and the reporting requirements of the Comprehensive Environmental Response, Compensation, and Liability Act. This Settlement Agreement shall not in any way limit or expand the Government of the Virgin Islands' authority with respect to regulating water appropriations by HOVENSA or in any way constitute a waiver of HOVENSA's rights under the Concession Agreement with respect to such authority.

10. Certification Regarding Pre-Existing Contamination. By signing this Settlement Agreement, each Settling Defendant certifies that to the best of its knowledge and belief it has fully and accurately disclosed to the Government of the Virgin Islands prior to the Effective Date all information known to it and all information in its possession or control which discloses or discusses Pre-Existing Contamination or any past or potential future release of contaminants, pollutants, hazardous substances, solid or hazardous wastes, or any other substances at or from the Refinery Property. The Parties agree that the full extent and nature of the Pre-Existing Contamination will be based upon data and analysis concerning ground water, surface water or soil contamination contained in documents identified in Exhibit A hereto that describe or contain data concerning contamination at or migrating from the Refinery Property as contaminated ground water or as contaminated surface water, or directly to the marine environment.

148

EXECUTION COPY

11. Payments and Liens. The payments and liens referenced in Paragraphs 2 to 4 above shall be in addition to any payment(s) made or due to the Government pursuant to the Fourth Amendment Agreement, which was ratified by the Legislature of the Virgin Islands (Act 30-0273) on November 4, 2013.

12. Effect on Third-Parties; Reservation of Defenses. Except as expressly provided herein, nothing in this Settlement Agreement shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Settlement Agreement with the exception of the Virgin Islands Waste Management Authority which is a negotiated third-party beneficiary of this Agreement. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Refinery Property against any person not a Party hereto except the Virgin Islands Waste Management Authority which is a negotiated third-party beneficiary of this Agreement

13. Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the laws of the United States Virgin Islands

14. Notices and Submissions. Whenever, under the terms of this Settlement Agreement, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing in accordance with this Paragraph 14. All notices or other communications required or permitted hereunder shall be in writing and shall be delivered personally, by facsimile or sent by certified, registered or express air mail, postage prepaid, and shall be deemed given when so delivered personally, or by facsimile, or if mailed, two days after the date of mailing, as follows:

For Virgin Islands:

Vincent F. Frazer, Attorney General, or Successor
Territory of the United States Virgin Islands
488-50C Kronprindsens Gade, GERS Complex
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802
Tel: 340-774-5666
Fax: 340-774-9710

Alicia Barnes, Commissioner and Trustee, or Successor
U.S. Virgin Islands Department of Planning & Natural Resources
45 Mars Hill
Frederiksted, VI 00840-4474
Tel: 340-773-1082
Fax: 340-773-1716



EXECUTION COPY

John K. Dema Esq.
Law Offices of John K. Dema, P. C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U S Virgin Islands 00820-5008
Tel: 340-773-6142
Fax. 340-773-3944

For Settling Defendants:

HOVENSA, L.L.C
Sloan Schoyer, General Manager
HOVENSA, L L.C
1 Estate Hope
Christiansted, U S Virgin Islands 00820-5652

Hess Oil Virgin Islands Corp
Brian Lever, President
Hess Oil Virgin Islands Corp.
1501 McKinney St
Houston, TX 77010

Donald W. Stever, Esq
B. David Naidu, Esq
K&L Gates LLP
599 Lexington Avenue
New York, NY 10022

David Castro, Esq.
Hess Corporation
500 Dallas Street
Houston, TX 77522

Franklin Quow, Esq
HOVENSA, L.L.C
1 Estate Hope
Christiansted, U.S. Virgin Islands 00820-5652

15. <u>No Admission</u>. By entering into this Settlement Agreement, the Settling Defendants and Related Parties do not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in Civ. No. 2005-0062, nor is their entering into this Settlement Agreement an admission of violation of any law, rule, or regulation, nor shall any statement contained herein be construed to be an admission by the Settling Defendants or Related Parties.

AB

EXECUTION COPY

16. Further Assurances. HOVENSA and HOVIC shall take actions as are necessary or as the Government or Trustee may reasonably request from time to time to ensure that the Security Documents are properly executed and enforceable, and the liens granted thereby in the Refinery Property and HOVENSA's Real Property, Fixtures and Equipment are perfected in a manner satisfactory to the Government or Trustee, in each case including the execution and delivery of security agreements, financing statements and other documents, the filing or recording of any of the foregoing as requested by the Government and/or the Trustee from time to time. In addition, HOVIC and HOVENSA shall provide all information reasonably requested by the Government related to the Refinery Property and HOVENSA's Real Property, Fixtures and Equipment.

17. Modifications. Modifications to this Settlement Agreement may only be made in writing, signed by the Plaintiffs and Settling Defendants

18. Authorization to Sign. Each undersigned representative of a Party certifies that he or she is authorized to enter into the terms and conditions of this Settlement Agreement and to execute and legally bind such Party to this document

19. Binding and Enforceable. This Agreement has been duly executed and delivered on behalf of the Party by the appropriate officers of the Party, and constitutes the legal, valid, and binding obligation of the Party, enforceable in accordance with its terms subject to applicable bankruptcy, insolvency, moratorium, and other similar laws applicable to creditors' rights generally.

20. Stipulation of Dismissal Within seven (7) days of the Effective Date the Settling Parties shall submit a stipulation to the District Court of the Virgin Islands, Division of St. Croix dismissing from Case No. 2005-0062 all claims, counterclaims, and third-party claims against each other and the Virgin Islands Waste Management Authority. Dismissal of the action shall be "with prejudice" as of the date of the receipt by the Government of (i) both the First Payment and Second Payment or (ii) the First Payment and the proceeds of the Second Payment realized pursuant to the enforcement of the first priority liens on HOVENSA's Real Property, Fixtures, and Equipment.

21. Dispute Resolution. To the extent a dispute arises between the Settling Parties concerning compliance with or interpretation of the terms of this Settlement Agreement, the Settling Party believing that there has been a breach of this Agreement (the "Disputing Party") may notify the other party in writing that the Disputing Party believes a dispute exists as to whether another Settling Party is complying with this Agreement. Once such written notification is provided, the Settling Parties shall engage in informal negotiations for a period of seven (7) calendar days. If the Settling Parties are unable to resolve the dispute informally, the Disputing Party shall notify the other party within five (5) calendar days whether it intends to submit the dispute to arbitration. Once such notice is served, the Disputing Party may submit the dispute to (a) Judge Edward N. Cahn (ret.) or (b) any other mutually agreeable arbitrator (in either case, the "Arbitrator") The Arbitrator shall attempt to evaluate the dispute in as cost-effective and



prompt a manner as possible. The decision of the Arbitrator shall be binding on the Settling Parties. All costs of dispute resolution (*e.g.*, Arbitrator fees and costs) shall be split equally between Plaintiffs and Settling Defendants, except that the Plaintiffs and Settling Defendants shall bear their own attorneys' fees and costs

22. Entire Agreement. This Agreement constitutes the full and entire understanding and agreement among the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements, arrangements, negotiations or understandings, both written and oral, which may have related to the subject matter hereof in any way.

23. Severability. The invalidity or unenforceability of any portion or provision of this Agreement shall in no way affect the validity or enforceability of any other portion or provision hereof. Any invalid or unenforceable portion or provision shall be deemed severed from this Agreement and the balance of the Agreement shall be construed and enforced as if the Agreement did not contain such invalid or unenforceable portion or provision If any such provision of this Agreement is so declared invalid, the Parties shall promptly negotiate in good faith new provisions to eliminate such invalidity and to restore this Agreement as near as possible to its original intent and effect.

24. Descriptive Headings The descriptive headings herein have been inserted for convenience only and shall not be deemed to limit or otherwise affect the construction of any provisions hereof

25. Drafting Interpretations This Agreement was negotiated by the Settling Parties at arm's length and each of the Settling Parties has had the opportunity to consult with independent legal counsel before signing this Agreement. Therefore, no Settling Party shall maintain that the language of this Agreement should be construed against any other Settling Party.

26 Counterparts; Facsimile and Scanned Signatures This Agreement may be executed in any number of counterparts, and each such counterpart hereof shall be deemed to be an original instrument, but all such counterparts together shall constitute but one agreement Facsimile and scanned counterpart signatures to this Agreement shall be acceptable and binding.

27. No Use As Evidence This Agreement is the result of a compromise among the Settling Parties and shall never be considered at any time or for any purpose as an admission of liability and/or responsibility on the part of any Party herein released The payment of any sum of money in consideration for the execution of this Agreement or the absence of any payment shall not constitute, nor be construed as, an admission of any liability whatsoever by any Settling Party herein released. This Agreement shall not be admissible as evidence in any proceeding other than in an action brought by a Settling Party to enforce this Agreement.

AH

28. Stipulation and Protective Order. The Parties agree to comply with Paragraph 18 of the Stipulation and Protective Order Regarding Disclosure of Confidential Information, Dkt. Nos. 799 and 799-1 (September 19, 2011), and Order issued by the District Court of the Virgin Islands, Dkt No. 801 (September 20, 2011). A copy of the Stipulation is attached hereto as Exhibit C.

[SIGNATURE PAGES FOLLOW]

EXECUTION COPY

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the Effective Date.

Government of the United States Virgin Islands

By: ______________________ Date May 28, 2014

Vincent F. Frazer, Attorney General
Territory of the United States Virgin Islands
488-50C Kronprindsens Gade, GERS Complex
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802

Alicia Barnes, in her capacity as Trustee for
Natural Resources of the United States Virgin Islands

By: ______________________ Date: 5/29/2014

Alicia Barnes, Trustee
U.S. Virgin Islands Department of Planning & Natural Resources
5 Mars Hill
Frederiksted, VI 00840-4474

EXECUTION COPY

Hess Oil Virgin Islands Corp.

By: [signature] Date: 5-28-14

Brian Lever, President
Hess Oil Virgin Islands Corp.
1501 McKinney St.
Houston, TX 77010

HOVENSA, L.L.C.

By ______________________ Date: ______________

Sloan Schoyer, General Manager
HOVENSA, L.L.C
1 Estate Hope
Christiansted, U.S. Virgin Islands 00820-5652

EXECUTION COPY

Hess Oil Virgin Islands Corp.

By ______________________ Date ____________

Brian Lever, President
Hess Oil Virgin Islands Corp
1501 McKinney St
Houston, TX 77010

HOVENSA, L.L.C

By ______________________ Date 5/28/14

Sloan Schoyer, General Manager
HOVENSA, L.L.C
1 Estate Hope
Christiansted, U.S. Virgin Islands 00820-5652

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

| [illegible] | Date | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

## Appendix D

**Base Margin**

| Year | Castilla Deemed Margin | ASCI Deemed Margin |
|---|---|---|
| 2020 | $11.12 | $12.42 |
| 2021 | $9.19 | $10.24 |
| 2022 | $7.26 | $8.06 |
| 2023 | $5.33 | $5.88 |
| 2024 | $5.33 | $5.88 |
| 2025 | $5.33 | $5.88 |
| 2026 | $5.33 | $5.88 |
| 2027 | $5.33 | $5.88 |
| 2028 | $5.33 | $5.88 |