IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| | ) |
| v. | )   CIV. NO. 1:21-CV-00264 |
| | ) |
| LIMETREE BAY TERMINALS, LLC, ET AL., | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

**PORT HAMILTON'S OFFER OF STIPULATION**

Port Hamilton Refining and Transportation LLLP ("Port Hamilton") offer the following stipulation to the United States of America:

Port Hamilton and the United States of America stipulate as follows:

1. The Port Hamilton Refinery has been idled.[1]

2. Except as provided pursuant to Paragraphs 9, 10 and 13 below, Defendants Port Hamilton or West Indies Petroleum Limited ("West Indies"),[2] shall notify

---

[1] Terms used in this Order that are defined in the Clean Air Act or in regulations promulgated pursuant to the Act have the meanings assigned to them in the Act or such regulations, unless otherwise provided in the Complaint (Doc. No. 1) or EPA Order (Doc. No. 2-1).

[2] Port Hamilton's inclusion of West Indies in this offer of stipulation is not intended to suggest that West Indies should, or should not, be a party to the stipulation. It is

1

the United States and the Court not less than ninety (90) days before restarting the Refinery, or any Refinery Process Unit for any purpose.

3. The Audit Reports required by Paragraph 115.d of the EPA Order were submitted to EPA by June 25, 2021, in compliance with the deadline set forth in Paragraph 115.d of the EPA Order.

4. Except as provided pursuant to Paragraphs 9, 10 and 13 below, by no later than ninety (90) days prior to any restart of the Refinery or any Refinery Process Unit, Defendants Port Hamilton or West Indies shall submit to EPA the Plan required by Paragraph 115.*l* of the EPA Order (the "303 Order Plan") that addresses all findings, conclusions, and observations set forth in each Audit Report, with a schedule for implementation of all corrective measures. The 303 Order Plan shall specify which measures must be completed prior to restart of the Refinery or any Refinery Process Unit.

5. As part of the 303 Order Plan submitted under Paragraph 4, Defendants Port Hamilton or West Indies shall identify any changed conditions at the Refinery that occurred since May 12, 2021, including but not limited to any corrective measures taken.

6. Before Defendants Port Hamilton or West Indies restart the Refinery or any Refinery Process Unit, they shall complete all measures necessary to eliminate

---

included solely to avoid an argument that Port Hamilton is not complying with the Bankruptcy Court's Order related to the Joint Stipulation.

any imminent and substantial endangerment to public health or welfare or the environment posed by the Refinery or Refinery Process Unit.

7. Except as provided pursuant to Paragraphs 9, 10 and 13, no later than ninety (90) days prior to restart of the Refinery or any Refinery Process Unit, Defendants Port Hamilton or West Indies shall submit to EPA an ambient air monitoring plan ("Monitoring Plan") that includes the operation of H2S and SO2 monitors at the nine (9) monitoring sites specified in Table A of the 114 Request ("Monitoring Sites"), as required by the 114 Request.

8. Except as provided pursuant to Paragraphs 9, 10 and 13, Defendants Port Hamilton or West Indies shall install and operate the H2S and SO2 monitors at the Monitoring Sites, as well as a meteorological tower, as required by the 114 Request, no later than thirty (30) days prior to any restart of the Refinery or any Refinery Process Unit.

9. Defendants Port Hamilton or West Indies shall submit to EPA a plan ("Hydrocarbon Purge Plan") for purging hydrocarbons from Refinery Process Units and other equipment at the Refinery as part of the process of bringing the Refinery to a state of indefinite shutdown. The Hydrocarbon Purge Plan shall identify the activity or activities that Defendants Port Hamilton or West Indies intend to undertake under the Hydrocarbon Purge Plan, as well as the measures Defendants Port Hamilton or West Indies have taken or will take prior to restarting, or during the operation of, any Refinery Process Unit covered by the Hydrocarbon Purge Plan, to ensure that the purging process

and any associated activities do not present an imminent and substantial endangerment to public health or welfare or the environment, including but not limited to measures in response to recommendations contained in the Audit Reports. The Hydrocarbon Purge Plan shall include, among other things: the operation of ambient air monitoring during all purging operations and compliance with applicable requirements of 40 C.F.R. Part 60, Subpart Ja and 40 C.F.R. Part 63, Subpart CC.

10. The purging process and any associated activities shall be conducted in accordance with the EPA-approved Hydrocarbon Purge Plan, subject to any modifications necessary based on monitoring data or other information received by EPA suggesting that operations under the Hydrocarbon Purge Plan may present an imminent and substantial endangerment to public health or welfare, or the environment. Before EPA makes or requires any modifications to an approved Hydrocarbon Purge Plan, the Parties shall meet and confer. Any proposed modification by Defendants Port Hamilton or West Indies to the EPA-approved Hydrocarbon Purge Plan shall be subject to Paragraph 12, below. Defendants Port Hamilton or West Indies shall not begin the purging process or any associated activities without EPA's approval, nor shall Port Hamilton or West Indies use any Refinery Process Unit other than as specified in the EPA-approved Hydrocarbon Purge Plan.

11. Defendants Port Hamilton or West Indies may submit and EPA may approve one or more Hydrocarbon Purge Plans subject to Paragraphs 9 and 10.

12. Any plan required by this Order shall be submitted to EPA for its review, comment, and approval or approval with modifications, and shall be sent by email to the EPA and VIDPNR representatives listed in Paragraph 116 of the EPA Order.

13. For the avoidance of doubt, nothing in the 303 Order or this Order prevents Defendant Limetree Bay Terminals or Port Hamilton from operating equipment necessary for Terminal operations, or necessary to generate electricity or provide drinking water or wastewater management for the Facility, the HOVENSA Environmental Response Trust, and for the worker residences dependent on the Facility for such services.

14. As long as any one defendant has fully complied with the requirements of this stipulation, action or inaction by any other defendant to the stipulation shall not preclude the complying defendant from proceeding with operations in support of resuming refinery operations or resuming refinery operations.

                                                         Respectfully submitted,

August 24, 2023                   /s/ Andrew C. Simpson
                                           Andrew C. Simpson (VI Bar 451)
                                           2191 Church Street, Suite 5
                                           Christiansted, VI 00820
                                           (T) 340-719-3900

                                           Counsel for Port Hamilton Refining and Transportation, LLLP